**UNITED STATES of America,** Appellee,

v.

**Joe William WOOD, Appellant.**

**No. 11878.**

United States Court of Appeals Fourth Circuit.

Feb. 10, 1969.

James W. Sparks, Greenville, S. C., on brief for appellant.

Klyde Robinson, U. S. Atty., on brief for appellee and William B. Long, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

On October 9, 1967, Joe William Wood was tried and convicted on two counts of knowingly uttering United States Treasury checks and one count of forging an endorsement on a government check in violation of 18 U.S.C.A. § 495. Wood claims that the conviction is unsupported by the evidence.

■■ Testimony for the government shows that the post office box to which the treasury checks were normally sent was broken into and that the checks were never received by the named payees. One witness testified that Wood, in his presence, had forged the endorsement of the named payee and cashed the check. Other witnesses testified that Wood had accompanied a nineteen year old boy to a department store where the boy attempted to cash the other check listed in the indictment in payment for a television set. When the boy was asked for identification, Wood volunteered that the youth was his next door neighbor's son and that the neighbor had requested that he accompany the boy. Thus the trial judge was clearly correct in refusing to grant the defendant's motion for a directed verdict. Nor did the court err, in the absence of a request, in not charging that the mere presence of a defendant is not enough to support a charge of aiding and abetting in the commission of a crime.

■ Prior to Wood's trial, his nineteen year old accomplice was determined to be incompetent to stand trial. Consequently the accomplice was incompetent to testify at Wood's trial. Wood's attorney attempted unsuccessfully to have introduced at trial a statement given by the youth to policemen. The refusal to admit this statement is now urged upon us as error. An examination of the excluded statement renders unnecessary a determination of its admissibility. The statement describes in considerable detail the process by which the defendant, Wood, stole the checks and the method he used in cashing or attempting to cash them. Nothing of an exculpatory nature is to be found in it. Admission of the statement would have been disastrous to the defense.

■ Wood now alleges that his trial counsel was incompetent for failure to put Wood's wife on the witness stand to testify that the endorsements on the checks were not in his handwriting and for failure to move for a mistrial when an article appearing on the back pages of a local newspaper erroneously stated that Wood was being charged with check theft as well as check forgery. There is no merit in these contentions.

For the foregoing reasons, it appears that the appeal is frivolous, and, appropriately, we grant the motion for summary affirmance.

Affirmed.