Anne Pickard v. Commissioner.
Pickard v. Commissioner
Docket No. 6112-64.
United States Tax Court
T.C. Memo 1969-153; 1969 Tax Ct. Memo LEXIS 145; 28 T.C.M. (CCH) 766; T.C.M. (RIA) 69153; 34 Oil & Gas Rep. 162; July 17, 1969, Filed Leland E. Fiske, 1800 First Nat'l Bank Bldg., Dallas, Tex., for the petitioner. Harold L. Cook, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The instant case is presently before the Court on remand from the United States Court of Appeals for the Tenth Circuit (406 F. 2d 615). The Court of Appeals considered two issues. The first issue was whether or not a lump sum payment received by petitioner [1] for an option to acquire certain oil and gas leases was includable in petitioner's gross income for the year of its receipt. The second issue concerned the treatment for Federal income tax purposes of a finder's fee which petitioner paid to a third party. *146 With respect to the first issue, the Court of Appeals reversed the prior holding of this Court. The Court of Appeals held that petitioner should have included the lump sum payment in her 1960 income tax return. As to the second issue, the Court of Appeals held that the issue was not fully developed in the record. In our prior opinion it was unnecessary to reach this issue because of our holding on the first issue. The case was remanded to the Tax Court for further consideration of this issue. 767 Findings of Fact Upon joint motion by the parties, the case was submitted to this Court under Rule 30 of the Tax Court's Rules of Practice, relating to submission without trial or appearance. Contemporaneously with the joint motion the parties also submitted a supplemental stipulation of facts which, together with the exhibits thereto, is incorporated herein by this reference. The facts pertinent to the remand are as follows: On January 20, 1960, petitioner granted options to Pan American Petroleum Corporation (hereinafter referred to as Pan Am) for her leases U-016228, U-016228-A, U-016229, and U-016231. These options granted Pan Am the right to acquire within a three-year period *147 such leases by assignment. Upon exercise of the options Pan Am would pay an additional consideration of ten cents per acre. It would make subsequent payments of five percent of the value of the oil and gas produced and sold from the leases. As consideration for the granting of the options to acquire the leases, Pan Am in 1960 paid petitioner a bonus of $27 per acre. The total amount of the bonus received by petitioner was $172,800. Prior to the granting of the options to Pan Am, petitioner entered into an oral agreement with J. V. Fritts (hereinafter referred to as Fritts). It was agreed that if Fritts secured a purchaser for the leases he would receive the portion of the lease bonus in excess of $25 per acre. As stated above, petitioner received from Pan Am in 1960 a payment of $172,800. The amount was computed on the basis of $27 per acre for 6,400 acres. In accordance with her oral agreement, petitioner issued a personal check to Fritts for $12,800. The amount was computed on the basis of $2 per acre for 6,400 acres. In her Federal income tax return for 1960 petitioner claimed a 27 1/2 percent depletion allowance based on the amount of $172,800. She also claimed a deduction *148 which she referred to as a sales commission for the amount of $12,800 paid to Fritts. In his statutory notice respondent disallowed the $12,800 as a deduction. Respondent's explanation was: It is determined that the $12,800.00 payment made to Mr. J. V. Fritts was a capital expenditure made in connection with the subleasing of oil and gas leases acquired from the United States and such amount is not deductible as an ordinary expense as claimed on your 1960 return. Opinion The issue presented for decision is whether or not petitioner in computing her gross income can reduce the amount of $172,800 received from Pan Am by $12,800, which was the amount paid to Fritts. If so, only the balance of $160,000 would be taxed to petitioner, subject to depletion. Petitioner conceded in her reply brief that if the payment of $12,800 was taxable to herself rather than Fritts she must capitalize such amount instead of deducting it as an expense. See section 1.263(a)-1, Income Tax Regs.
It is petitioner's position that the $12,800 in question should not be included in her gross income for 1960. Petitioner's reasoning is as follows: When she agreed orally with Fritts *149 that he would receive a portion of the bonus from Pan Am, she was not agreeing to pay Fritts a commission in the usual sense. Instead, she was agreeing to Fritts' sharing in the total bonus of $172,800 received from Pan Am. Fritts, petitioner argues, therefore acquired an economic interest in the amount of $12,800 and had to include such amount in his own gross income. He also became entitled to depletion on that amount. Conversely, Fritts' share was deductible from the total bonus of $172,800 and only the balance of $160,000 was includable in petitioner's gross income. We disagree with the foregoing reasoning of petitioner. We think that the $12,800 was a commission payable by petitioner to Fritts. The sum was consideration for Fritts' efforts in successfully securing a purchaser for petitioner's leases. Admittedly the fee arrangement was unique. Usually an agent's fee is a fixed percentage of the sales price. In the case at bar petitioner and Fritts agreed that Fritts would receive a pecuniary reward for his efforts only if, and to the extent that, the purchase price exceeded $25 per acre. It appears that petitioner was primarily concerned with receiving a bonus of not less than *150 $25 per acre. She did not want her bonus to be reduced to an amount less than $25 per acre as the result of an agent's commission. On the other hand, once she attained her goal of $25 per acre she was willing to pay her agent more than he might otherwise have earned for his efforts. In any event, what Fritts received was a sales commission. Accordingly, the $12,800 was properly includable in the gross income of petitioner rather than of Fritts. She can compute her depletion allowance on the full $172,800. Decision will be entered for the respondent. *
768 Footnotes
1. The parties to the action upon remand are referred to as they were in our original opinion.↩
*. By official Tax Court order, dated 8/ 7/69 and signed by Judge Fay↩, the phrase "for the respondent" was substituted for "under Rule 50."